JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-420 JGB (KKx)** | Date | April 19, 2021 |
|---|---|---|---|
| Title | *Frederick Simmonds et al. v. SAW Enterprises and Mary Conover, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) GRANTING Plaintiff's Motion for Remand (Dkt. No. 8);  and (2) VACATING the April 26, 2021 Hearing (IN CHAMBERS)**

Before the Court is Motion for Remand filed by Plaintiff Frederick Simmonds ("Plaintiff"). ("Motion," Dkt. No. 8.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The Court vacates the hearing set for April 26, 2021.

## I.  BACKGROUND

On December 11, 2020, Plaintiff filed his Complaint in the Superior Court of the State of California for the County of San Bernardino against Defendants Saw Enterprises, Mary Conover, and Does 1 through 50 ("Defendants"). ("Complaint," Dkt. No. 1-5.) The Complaint alleges six causes of action for violations of California labor laws. (See Complaint.) Plaintiff served Defendants on February 8, 2021. ("Notice of Removal," Dkt. No. 1 at 2.)

On March 8, 2021, Defendants removed the action to federal court. (See Notice of Removal.) Plaintiff filed the Motion on March 29, 2021. Defendant opposed the Motion on April 5, 2021. ("Opposition," Dkt. No. 9.) Plaintiff replied in support of the Motion on April 12, 2021. ("Reply," Dkt. No. 10.)

//
//
//

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

The right to remove is not absolute, even where original jurisdiction exists.  A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2).  And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).  Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014).  The court must resolve doubts regarding removability in favor of remanding the case to state court.  Id.

## III.   DISCUSSION

Plaintiff concedes that the parties are diverse but asserts that remand is proper because the amount in controversy does not exceed $75,000.  (Motion at 5.)  Defendants allege that Plaintiff's damages total approximately $33,000 and that the attorneys' fees Plaintiff seeks will raise the amount in controversy above $75,000.  (Notice of Removal at 5-6.)  Plaintiffs dispute this damages figure but acknowledge that it is likely to be somewhat similar.  (Reply at 7.)  The parties' major disagreement is over the value of attorneys' fees.  However, Plaintiff has stipulated that damages and fees for Plaintiff's individual claim will not exceed $75,000.  The Court accepts this stipulation and for that reason GRANTS the Motion.[1]

//
//
//

---

[1] Plaintiff argues on reply that the Court ought to award him costs and expenses resulting from Defendants' allegedly deficient removal.  (Reply at 8.)  Arguments made for the first time in a reply are generally improper.  See United States ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").  Therefore, the Court will not consider this argument here.

## IV.    CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion.  The April 26, 2021 hearing is VACATED.  The Court REMANDS this case to the Superior Court of the State of California for the County of San Bernardino.


**IT IS SO ORDERED.**